UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY JAY EUGENE JOSEPH REID,

              Plaintiff,

    v.

RIVERA, et al.,

              Defendants.

No.  2:23-cv-1937 DB P

ORDER

Plaintiff is a county detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that officers at the Stanislaus County Public Safety Center opened his legal mail outside his presence, denied him proper treatment for HIV, and discriminated against certain inmates. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 7) and his complaint (ECF No. 1) for screening.  For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1]  (ECF No. 7.)  Accordingly, the request to proceed in forma pauperis will be granted.

---

[1]  Plaintiff's first motion to proceed in forma pauperis (ECF No. 2) was incomplete and plaintiff was directed to submit a completed motion.  (See ECF No. 4.)

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

2    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

9    § 1915(b)(2).

10                                      **SCREENING**

11       **I.      Legal Standards**

12       The court is required to screen complaints brought by prisoners seeking relief against a

13   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

14   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

15   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

16   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

17   U.S.C. § 1915A(b)(1) & (2).

18       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

20   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

24   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

25   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

27   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

28   (1957)).

1    However, in order to survive dismissal for failure to state a claim a complaint must

2    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3    factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

4    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act under which this action was filed provides as follows:

9
        Every person who, under color of [state law] . . . subjects, or causes
10      to be subjected, any citizen of the United States . . . to the deprivation
        of any rights, privileges, or immunities secured by the Constitution .
11      . . shall be liable to the party injured in an action at law, suit in equity,
        or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

20   their employees under a theory of respondeat superior and, therefore, when a named defendant

21   holds a supervisorial position, the causal link between him and the claimed constitutional

22   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

23   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

24   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

25   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   ////

27   ////

28   ////

3

1    **II.     Allegations in the Complaint**

2         At all relevant times, plaintiff was confined at Stanislaus County Public Safety Center.

3    (ECF No. 1 at 1.)  The complaint names Stanislaus County and three correctional officers, Rivera,

4    Essex, and Garcia, as defendants.  (Id. at 2.)

5         Plaintiff asserts three claims.  First, he alleges that facility staff have been opening his

6    legal mail outside his presence.  (Id. at 3.)  Second, he states that he has not been receiving his

7    injections for treatment of human immunodeficiency virus ("HIV") in a timely fashion.  (Id. at 4.)

8    As a result, plaintiff's HIV is no longer undetectable and his viral load is two hundred.  (Id.)

9    Third, plaintiff states that staff in the protective custody housing unit treat plaintiff and other

10   individuals confined there with disrespect and refuse to assist them.  (Id. at 5.)

11   **III.    Does Plaintiff State a Claim under § 1983?**

12        **A.  Legal Mail**

13             **1.  Legal Standard**

14        Inmates have a protected First Amendment interest in having properly marked civil legal

15   mail opened only in their presence.  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204 (9th Cir. 2017).

16   "[A] prison may adopt regulations which impinge on an inmate's constitutional rights if those

17   regulations are 'reasonably related to legitimate penological interests.'"  Witherow v. Paff, 52

18   F.3d 264, 265 (9th Cir. 1995) (per curiam) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987));

19   Mangiaracina v. Penzone, 849 F.3d 1191, 1196–97 (9th Cir. 2017).

20             **2.  Analysis**

21        The complaint does not state a cognizable legal mail claim under the First Amendment

22   because it fails to provide sufficient information about the alleged violation.  For example, it does

23   not identify which defendants allegedly opened plaintiff's legal mail outside his presence, when

24   they did so, which legal mail was affected, and why defendants did not have a legitimate basis for

25   doing so.  Cf. Mangiaracina, 849 F.3d at 1196–97.  Accordingly, plaintiff has not stated a

26   cognizable First Amendment claim.  He will be granted leave to amend his complaint should he

27   wish to pursue this claim.

28   ////

4

1

**B. Inadequate Medical Treatment**

2

**1. Legal Standard**

3

Pretrial detainees[2] alleging that an individual defendant provided inadequate medical care

4

must establish that:

5

6

7

8

9

> (i) the defendant made an intentional decision with respect to the
> conditions under which the plaintiff was confined; (ii) those
> conditions put the plaintiff at substantial risk of suffering serious
> harm; (iii) the defendant did not take reasonable available measures
> to abate that risk, even though a reasonable official in the
> circumstances would have appreciated the high degree of risk
> involved—making the consequences of the defendant's conduct
> obvious; and (iv) by not taking such measures, the defendant caused
> the plaintiff's injuries.

10

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) ("Gordon test").  Courts use

11

the same test for determining whether a convicted prisoner has suffered a serious medical need to

12

determine whether a detainee faced a substantial risk of serious harm.  Id.  Under that test, a

13

medical need is serious "if the failure to treat the prisoner's condition could result in further

14

significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at

15

1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include the

16

"existence of an injury that a reasonable doctor or patient would find important and worthy of

17

comment or treatment; the presence of a medical condition that significantly affects an

18

individual's daily activities; or the existence of chronic and substantial pain."  Lopez v. Smith,

19

203 F.3d 1122, 1132 (9th Cir. 2000) (quoting McGuckin, 974 F.2d at 1059–60).

20

When detainees seek to sue a county under § 1983, they "must prove that action pursuant

21

to official municipal policy caused their injury."  Connick v. Thompson, 563 U.S. 51, 60 (2011)

22

(quotation omitted) (internal quotation marks omitted));  Long v. County of Los Angeles, 442

23

F.3d 1178, 1185 (9th Cir. 2006) ("[I]t is only when execution of a government's policy or custom

24

_____

25

26

27

28

[2] Plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner at the time
of the alleged violation.  For purposes of screening, the undersigned therefore assumes that he
was a pretrial detainee.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163–64 (9th Cir. 2020)
("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the
Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth
Amendment only prevents the imposition of cruel and unusual punishment of convicted
prisoners.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)) (emphasis
removed)).

1  inflicts the injury that the municipality as an entity is responsible."). "A policy can be one of

2  action or inaction." Long, 442 F.3d at 1185. At the pleading stage, "plaintiffs in civil rights

3  actions against local governments [are required] to set forth no more than a bare allegation that

4  government officials' conduct conformed to some unidentified government policy or custom,"

5  while providing "sufficient allegations of underlying facts to give fair notice and to enable the

6  opposing party to defend itself effectively." AE ex rel. Hernandez v. County of Tulare, 666 F.3d

7  631, 637 (9th Cir. 2012).

8  **2. Analysis**

9  Plaintiff has not stated a cognizable inadequate medical treatment claim. He does not

10  identify which defendants failed to timely administer his medication or when the alleged violation

11  occurred. (ECF No. 1 at 4.) To the extent plaintiff intended to bring this claim against an

12  individual defendant, the pleadings do not meet the first prong of the Gordon test because it is not

13  clear from his factual allegations that jail officials acted intentionally, rather than negligently.

14  Maddox v. City of Los Angeles, 792 F.2d 1408, 1413 (9th Cir. 1986) ("[N]egligent conduct by

15  the state official is not enough to state a claim under section 1983 based on an alleged violation of

16  the fourteenth amendment due process clause."). To the extent plaintiff seeks to hold the County

17  liable for staff's failure to timely administer his medication, he has not alleged that staff acted

18  pursuant to an official policy, custom, or practice. Thompson, 563 U.S. at 60.

19  For these reasons, plaintiff has not stated a cognizable inadequate medical care claim. He

20  will be granted the opportunity to amend his complaint.

21  **C. Discrimination**

22  Plaintiff's third claim alleges that facility staff discriminate against inmates in the

23  protective custody housing unit based on their housing assignment. (ECF No. 1 at 5.) Plaintiff

24  does not state the legal basis for this claim, nor does he describe how staff have discriminated

25  against him or how their alleged conduct has affected him "'in a personal and individual way.'"

26  Spokeo v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S.

27  555, 560 n.1 (1992)).

28  ////

6

1    To the extent he is doing so, plaintiff is advised that he cannot assert a discrimination

2    claim on behalf of other prisoners.  Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) ("We have

3    adhered to the rule that a party generally must assert his own legal rights and interests, and cannot

4    rest his claim to relief on the legal rights or interests of third parties." (quotation and internal

5    quotation marks omitted)).

6    To state a cognizable discrimination claim, plaintiff must adequately describe how staff

7    treats him in protective custody differently from detainees in other housing units.  See Price v.

8    Neotti, No. C 09–2818 MMC (PR), 2009 WL 3732008, at *2 (N.D. Cal. Nov. 6, 2009).  He must

9    also plead facts that indicate the difference in treatment is due to his housing status and that it

10   does not serve a legitimate penological purpose.  See Wilkins v. MaComber, No. 2:16-CV-0475

11   TLN DMC P, 2019 WL 4640554, at *2 (E.D. Cal. Sept. 24, 2019).

12   Accordingly, plaintiff has not stated a cognizable discrimination claim and will be granted

13   leave to amend the complaint.  Should he choose to pursue this claim, he must identify the legal

14   basis and the alleged facts supporting a discrimination claim.

15   **IV.    Federal Rules of Civil Procedure 18(a) and 20(a)(2)**

16   It is not clear which of the claims discussed above are brought against the County and

17   which ones are brought against the defendant correctional officers.  There does not appear to be

18   any overlap between these claims, and they appear to rely on different facts and unrelated issues

19   of law.

20   Plaintiff is informed that he may not bring unrelated claims against unrelated parties in a

21   single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir.

22   2011) (unrelated claims against different defendants belong in separate suits and complaints

23   violating that principle should be rejected).  While multiple claims against a single party may be

24   alleged in a single complaint, unrelated claims against different defendants must be alleged in

25   separate complaints.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under

26   Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-

27   four defendants).

28   ///

7

1      Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s)

2   arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2)

3   there are common questions of law or fact.  Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co.

4   of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).  As a practical matter, this means that claims

5   involving different parties cannot be joined together in one complaint if the facts giving rise to the

6   claims were not factually related in some way—that is, if there was not "similarity in the factual

7   background."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are

8   not sufficient to constitute similarity when the specifics are different.  Id.

9      If plaintiff elects to file an amended complaint he should assert only claims arising from

10  common events and containing common questions of law or fact.  See George, 507 F.3d at 607

11  (holding that "[u]nrelated claims against different defendants belong in different suits.").

12  Alternatively, plaintiff may select a single defendant and bring as many claims as he has against

13  that party.  See Fed. R. Civ. P. 18(a).

14                                  **AMENDING THE COMPLAINT**

15     The court has determined that the complaint (ECF No. 1) fails to state a cognizable claim.

16  Plaintiff will be granted leave to file an amended complaint.  Plaintiff is advised that in an

17  amended complaint he must clearly identify each defendant and the action that defendant took

18  that violated his constitutional rights.  The court is not required to review exhibits to determine

19  what plaintiff's charging allegations are as to each named defendant.  The charging allegations

20  must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

21  is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

22  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

23     Any amended complaint must show the federal court has jurisdiction, the action is brought

24  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

25  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

26  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

27  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

28  of a constitutional right if he does an act, participates in another's act or omits to perform an act

                                                8

1    he is legally required to do that causes the alleged deprivation).

2         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

3    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

4    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

5    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

6         The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

7    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

8    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

9    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

10   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

11   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

12   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

13        An amended complaint must be complete in itself without reference to any prior pleading.

14   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

15   Any amended complaint should contain all of the allegations related to his claim in this action.  If

16   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

17   complaint.

18        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

19   has evidentiary support for his allegations, and for violation of this rule the court may impose

20   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

21                                        **CONCLUSION**

22        For the reasons set forth above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's second motion to proceed in forma pauperis (ECF No. 7) is granted.

24        2.  Plaintiff's first motion to proceed in forma pauperis (ECF No. 2) is denied as moot.

25        3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26            is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

27            1915(b)(1).  All fees shall be collected and paid in accordance with this court's order

28            to the Director of the California Department of Corrections and Rehabilitation

                                              9

4. Plaintiff's complaint (ECF No. 1) does not state any cognizable claims.

5. The complaint (ECF No. 1) is dismissed with leave to amend.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  November 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/S/reid1937.scrn