UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY JAY EUGENE JOSEPH REID, | No. 2:23-cv-1937 DB P |
| Plaintiff, | |
| v. | ORDER |
| RIVERA, et al., | |
| Defendants. | |

Plaintiff is a county detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff states no cognizable claims for relief and dismisses the first amended complaint with leave to amend.

**SCREENING**

**I.      Legal Standards**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658

1

(1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.     Allegations in the First Amended Complaint

The first amended complaint ("FAC") identifies only the Stanislaus County Public Safety Center ("SCPSC") as a defendant.  (ECF No. 10.)  Plaintiff's claims involve conduct that occurred when he was confined at SCPSC.

Plaintiff asserts three claims.  First, he alleges that the mail clerk has been opening his legal mail outside his presence.  (Id. at 3.)  Second, he states that he has not been receiving his injections for treatment of human immunodeficiency virus ("HIV") in a timely fashion.  As a result, plaintiff's HIV is no longer undetectable and his viral load is two hundred.  Third, plaintiff states that staff in the protective custody housing unit treat plaintiff and other individuals confined there with disrespect and refuse to assist them.

In a separate filing, plaintiff provides copies of grievance forms, declarations, and other documents. (ECF No. 11.)  Plaintiff is advised that the court is not required to review exhibits to determine whether plaintiff has stated claims for relief.  Plaintiff's allegations must be contained in the body of his complaint.

## III.    Does Plaintiff State a Claim under § 1983?

Plaintiff's claims are almost identical to the claims he stated in his original complaint that this court found insufficient.  This court will not restate the legal bases for each claim plaintiff appears to be attempting to raise but reiterates here what plaintiff must do to state a cognizable claim under §1983.  Plaintiff will be given one more opportunity to amend his complaint. Plaintiff is warned that if he again fails to state any claims for relief, this court could find that it would be futile to give plaintiff any more opportunities to file an amended complaint and may recommend this case be dismissed.

First, plaintiff again fails to identify by name the defendant he contends opened his legal mail outside his presence, when they did so, which legal mail was affected, and why the

1  defendant did not have a legitimate basis for doing so.  Plaintiff fails to state a First Amendment
2  claim regarding his legal mail.
3  　　　　With respect to plaintiff's claim that he did not receive timely shots for HIV, plaintiff
4  again fails to identify by name the person or persons who failed to timely administer the shots or
5  when they failed to do so.  Moreover, as plaintiff was informed previously, he must allege facts
6  showing that the defendant or defendants who failed to give him the shot(s) did so with deliberate
7  indifference to plaintiff's serious medical needs.  Plaintiff must show that the defendant(s) were
8  more than negligent.
9  　　　　Finally, plaintiff's third claim is that facility staff discriminate against inmates in the
10  protective custody housing unit based on their housing assignment.  As plaintiff was informed
11  previously, he can only state a claim for discrimination if he shows how a specific person or
12  persons treats him differently than detainees in other housing units.  Plaintiff does not allege how
13  the conditions in protective custody differ from the conditions in other housing units.  Plaintiff
14  must also plead facts that indicate the difference in treatment is due to his housing status and that
15  it does not serve a legitimate penological purpose.  Plaintiff's third claim does none of these
16  things.  Rather, it is a long list of complaints about, among other things, the amount of time he is
17  permitted to spend outside his cell and the inadequacies of toiletries and food.
18  　　　　It appears that plaintiff may be attempting to state a claim regarding the conditions of his
19  confinement.  To do so, he must identify a specific person or persons who have violated his
20  Fourteenth Amendment rights by imposing conditions that amount to "punishment."  Jones v.
21  Blanas, 393 F.3d 918, 932 (9th Cir. 2004); see also Youngberg v. Romeo, 457 U.S. 307, 321-22
22  (1982) (requiring civil detainees be given "more considerate treatment" than criminal detainees).
23  Punitive conditions of confinement are those that are either expressly intended to punish or those
24  that are "excessive in relation to the alternative purpose [for confinement]."  Demery v. Arpaio,
25  378 F.3d 1020, 1028 (9th Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 538 (1979)).

**AMENDING THE COMPLAINT**

27  　　　Plaintiff's first amended complaint fails to state any claims for relief cognizable under
28  §1983.  Plaintiff will be granted leave to file an amended complaint.

3

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If

4

1  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended
2  complaint.
3        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
4  has evidentiary support for his allegations, and for violation of this rule the court may impose
5  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  July 23, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9

5